**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **FREDERICK BAYNES, # 53486-066,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-1422-JPG** |
| | ) | |
| **WARDEN ERIC WILSON,** | ) | |
| **WARDEN J.S. WALTON,** | ) | |
| **and C/O JASON PAYNE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion ("Marion"), brings this action seeking compensation under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for injuries he sustained while incarcerated at the Federal Correctional Institution at Petersburg ("Petersburg"), located in Virginia. His complaint also alleges violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

According to the complaint, on April 26, 2013, Plaintiff was working in the laundry at Petersburg (Doc. 1, p. 6). He told his supervisor, Defendant Payne, that other inmates had been stealing items from the laundry. Defendant Payne confronted the other prisoners and told them that Plaintiff had informed him of the theft. Soon thereafter, Plaintiff was attacked by three inmates for snitching on them. He was knocked unconscious by a blow from a metal stool.

When Plaintiff came to, he saw Defendant Payne walking away from him. Plaintiff then noticed that his pants had been pulled down and he had been penetrated anally. He saw semen

on the floor.  He was bleeding from his head and mouth.

He told Defendant Payne what happened, and Defendant Payne asked Plaintiff what he wanted to do about the incident.  Plaintiff responded that he "wanted revenge" (Doc. 1, p. 7). Defendant Payne then concocted a scenario which, he told Plaintiff, would prevent him from being sent to the Special Housing Unit for fighting.  He had Plaintiff knock over some boxes to make it look as if they fell on him.  He then sent Plaintiff to the hospital escorted by two other inmates, to make sure Plaintiff would not go to the Lieutenant's office to report the attack. Defendant Payne refused to radio for emergency assistance, saying he needed to clear up before investigators came to the scene.  At the health clinic, Plaintiff did not report the sexual assault, but maintained he had had an accident in the laundry and was injured by the boxes.

Later that day, Plaintiff confronted the inmates who had attacked him.  He got into a physical altercation with one of them, and the inmate stabbed Plaintiff in the arm.  This time, he told the medical staff about the attack in the laundry earlier that day, and said he had initially concealed it with Defendant Payne's story about the falling boxes because he wanted to get revenge.  It appears that Plaintiff had still not told anybody other than Defendant Payne that he had been raped (Doc. 1, p. 9).

Plaintiff was sent from the health clinic to the Special Housing Unit.  After a couple hours passed, he was in a lot of pain and asked to see a special investigator and a doctor.  By that time, the staff had left for the evening and Plaintiff was told he must wait until Monday.

On April 29, 2013, Plaintiff met with an investigator and disclosed the sexual assault.  He was taken back to the medical clinic, but the doctor did not do a rape kit because he believed the evidence was gone by that time.  Plaintiff was referred for mental health care and was placed on psychotropic medications.  He was charged with a disciplinary infraction for fighting.

Less than three months later, Plaintiff was moved to USP-Atlanta (Doc. 1, p. 11).   He continued his attempts to pursue charges through the administrative process against Defendant Payne and the inmates who had attacked him.  Plaintiff asked for psychological services while at USP-Atlanta, but received none.

After Plaintiff was moved to Marion, he again requested psychological services, but has received no assistance or treatment as of the time he filed his complaint.  He suffers from depression, he is withdrawn, and believes everybody is plotting against him.  He also worries that he has been infected with AIDS or another disease.  His requests for further investigation and to press charges have been ignored (Doc. 1, p. 11).

As relief, Plaintiff seeks financial compensation under the FTCA.  He attaches the final denial letter, dated July 30, 2014, on his administrative Tort Claim request (Doc. 1, p. 14).  In addition, Plaintiff requests mental health screening and treatment for his ongoing symptoms (Doc. 1, p. 13).  In addition to Defendant Payne, he includes Warden Wilson of Petersburg and Warden Walton of Marion as Defendants.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Federal Tort Claim for compensation for the injuries Plaintiff sustained on April 26, 2013, as a result of the negligence of prison officials at Petersburg;

**Count 2:** Eighth Amendment claim against Defendant Payne for deliberate indifference to Plaintiff's physical safety, for disclosing to other inmates that Plaintiff had accused them of stealing, thus placing him in danger;

**Count 3:** Eighth Amendment deliberate indifference claim against unnamed Marion medical providers, for failing to treat Plaintiff's serious mental health needs.

## Count 1 – Federal Tort Claim

Federal prisoners may bring suit, pursuant to the Federal Torts Claim Act, for injuries sustained through the negligent acts of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). Before bringing such a claim in court, a Plaintiff is required to first present the claim to the federal agency responsible for the injury. *Id.*; 28 U.S.C. § 2675(a). In the present case, Plaintiff has done so, and has attached his "final denial of claim" letter (Doc. 1, p. 14).

While Plaintiff's federal tort claim arose during his incarceration at Petersburg, this claim was properly brought in this Court. The governing venue statute provides that a civil action on a federal tort claim "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); see also 28 U.S.C. § 1346(b).

However, Plaintiff has failed to name the proper Defendant, which is the United States of America. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). None of the individual Defendants (Wardens Wilson and Walton, and C/O Payne) is a proper party to defend a federal tort claim; thus, they shall be dismissed from Count 1. Further, because no other counts suggest any other claim against Defendant Wilson, he shall be dismissed from the action without prejudice. The Clerk shall be directed to add the United States as a party, and Count 1 shall proceed for further review against the United States only.

**Count 2 – Deliberate Indifference Claim Against Defendant Payne**

Plaintiff's allegations also suggest a potential Eighth Amendment *Bivens* claim, distinct from the FTCA claim, against Defendant Payne, for exposing Plaintiff to a risk of physical harm from the inmates whom he accused of theft.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Initially, the Court must assess whether this district is the proper forum for Plaintiff to pursue this constitutional claim against Defendant Payne.  Any civil action may be brought "in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Plaintiff's Eighth Amendment claim in Count 2 arose during his incarceration at Petersburg, and has no connection to this judicial district.  Likewise, Defendant Payne presumably resides in the judicial district in Virginia where Petersburg is located.[1]  Unlike the FTCA claim in Count 1, which may be brought in the district where the Plaintiff resides, venue for a civil rights claim under *Bivens* is determined with reference to the residence of the Defendant(s) and the location where the claim arose.  In consideration of these factors, the Court finds that the federal judicial district for the Eastern District of Virginia is the proper venue for the hearing and determination of the claim in Count 2.

For these reasons, the Court shall sever Count 2 into a separate action.  Plaintiff shall be given the opportunity to notify the Court as to whether he wishes to pursue his claim against

---

[1] According to the website of the Federal Bureau of Prisons, the Federal Correctional Complex at Petersburg is located within the judicial district for the Eastern District of Virginia. Http://www.bop.gov/locations/institutions/pem/; see also 28 U.S.C. § 127(a).

Defendant Payne in Count 2.  If he does wish to proceed with that claim, the severed action containing Count 2 shall then be transferred to the Federal District Court for the Eastern District of Virginia.  See 28 U.S.C. § 1404(a).  It shall be up to the transferee court to conduct a merits review of the claim in Count 2 under 28 U.S.C. § 1915A, and to determine whether Plaintiff shall be assessed a separate filing fee for the severed action.  No summons shall issue in the severed action unless so directed by the transferee court.

**Count 3 – Deliberate Indifference Claim Against Marion Medical Providers**

The claim in Count 3 arose in Marion and is properly filed in this district.  However, as pled, the complaint fails to state a claim upon which relief may be granted as to Count 3.  Count 3 shall therefore be dismissed without prejudice.  In order for the Court to evaluate whether Plaintiff may have a viable claim in Count 3, Plaintiff must provide further information by way of an amended complaint.

The only Marion official Plaintiff includes as a party to this action is the Marion Warden, J.S. Walton.  However, Plaintiff never mentions him in the body of the complaint.  He merely states that he has requested psychological services since arriving at Marion, but has not received any assistance.

In order to state an actionable claim for deliberate indifference to his medical/mental health condition, a plaintiff must show that he (1) suffered from an objectively serious condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Plaintiff's depression, withdrawal, and belief that others are plotting against him indicate

that his mental health condition may be objectively serious enough to warrant treatment. However, his complaint fails to identify any medical or mental health provider to whom Plaintiff directed any request for psychological help.  Nor does he discuss their denial of treatment, or whether he has sought any administrative remedies within the prison system for the lack of treatment at Marion.  Assuming that one or more Marion doctors or nurses failed to treat Plaintiff, he should identify those individuals as Defendants if he chooses to re-plead this claim. As pled, the complaint fails to state a deliberate indifference claim against any Defendant for the omissions in Count 3.

In order for Defendant Walton to be liable for deliberate indifference to Plaintiff's mental health needs, he must have been personally involved in the decision to deprive Plaintiff of necessary treatment.  Nothing in the complaint suggests that this was the case.  Defendant Walton cannot be held liable merely because he is the warden of the institution, because the doctrine of *respondeat superior* (supervisory liability) is not applicable to civil rights actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Therefore, the complaint fails to state a claim against Defendant Walton in his individual capacity.

If Plaintiff submits an amended complaint which survives § 1915A review as to Count 3, and if he again seeks injunctive relief, Defendant Walton (in his official capacity) would be the proper Defendant to ensure the implementation of such an order.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

To summarize, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Pending the receipt of an amended complaint, Defendant Walton shall be dismissed as a party at this time, without prejudice.

Plaintiff shall be allowed the opportunity to submit an amended complaint, within 35 days of the entry of this order, to present any facts which may exist that would support his deliberate indifference claim in Count 3.  Count 1 shall proceed in this action whether or not Plaintiff submits an amended complaint.  The amended complaint shall be subject to review pursuant to § 1915A.

**<u>Disposition</u>**

The Clerk is **DIRECTED** to add the **UNITED STATES of AMERICA** as a party Defendant.

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **WILSON** and **WALTON** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim against Defendant **PAYNE** in **COUNT 2** is **SEVERED** into a new case, in accordance with the discussion above, because the Eastern District of Virginia is the proper venue for Plaintiff to pursue this claim.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)    This Memorandum and Order
(2)    The Original Complaint (Doc. 1)
(3)    Plaintiff's motion to proceed *in forma pauperis* (Doc. 3)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify this Court in writing **within 35 days** (**on or before February 26, 2015**).  Unless Plaintiff notifies the Court that he does not wish to pursue the severed action (Count 2), the newly-opened case shall be transferred to the Federal District Court for the Eastern District of Virginia for further review, after the deadline for Plaintiff's response.

Plaintiff is further advised that he **may be responsible for an additional $350.00 filing fee** in the new case.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action at this time is the Federal Tort Claim in COUNT 1 against Defendant UNITED STATES of AMERICA*. Count 3 may be reinstated if Plaintiff submits an amended complaint that survives review under 28 U.S.C. § 1915A.  This case shall now be captioned as: **FREDERICK BAYNES, Plaintiff, vs. The UNITED STATES of AMERICA,  Defendant.**

**IT IS FURTHER ORDERED** that Defendant **PAYNE** is **TERMINATED** from *this* action with prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim in **COUNT 3** for deliberate indifference to his need for mental health treatment, Plaintiff shall file an amended complaint (to be labeled "First Amended Complaint").  The deadline to file the amended complaint shall also be **within 35 days** of the entry of this order (**on or before February 26, 2015**).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 14-cv-1422-JPG.  The amended complaint shall present each claim (Counts 1 and 3) in a separate count as designated by the Court above.  In **Count 3**, Plaintiff shall specify, *by name*,[2] the individual medical provider(s) or other officials who were directly and personally responsible for the alleged deprivations in Count 3, and should state any facts which may exist to support a deliberate indifference claim against those Defendant(s).   New individual Defendants may be added if they were personally involved in the constitutional violations.   Plaintiff should attempt to include the facts of his case in chronological order,

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.  If the amended complaint still fails to state a claim as to Count 3, or if Plaintiff does not submit an amended complaint, the action shall proceed on Count 1 alone.  The amended complaint shall be subject to review pursuant to § 1915A.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to Count 3, **must also contain the allegations in Count 1**, which shall receive further review in this action as determined above.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Review of Count 1 shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

As to **COUNT 1**, which remains in the instant case, The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: January 21, 2015**

                                            *s/J. Phil Gilbert*
                                            United States District Judge